IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| William E. Morehouse, | : | |
| Plaintiff | : | Civil Action 2:10-cv-00045 |
| v. | : | Judge Marbley |
| Cynthia Mausser, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |
| | : | |

# ORDER

This matter is before the Magistrate Judge on numerous motions to intervene by State of Ohio inmates. Rule 24(b) of the Federal Rules of Civil Procedures states:

> (b) Permissive Intervention.
> (1) In General. On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b). The rule also provides that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The timeliness component requires the Court to consider:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties

1

> due to the proposed intervenor's failure, after he or she knew or
> reasonably should have known of his interest in the case, to apply
> promptly for intervention; and (5) the existence of unusual circumstances
> militating against or in favor of intervention.

*United States v. Tennessee*, 260 F.3d 587, 592 (6th Cir. 2001) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir.1989) (both construing analogous former Rule 24)).  Permissive intervention under Fed. R. Civ. P. 24(b) is to be liberally granted, so as to promote the convenient and prompt disposition of all claims in one litigation. *City of Cleveland v. Cities Serv. Oil Co.*, 47 F.R.D. 543, 546 (N.D. Ohio 1969).

The first factor the Court must consider is the point to which the suit has progressed. *United States v. Tennessee*, 260 F.3d 587, 592 (6th Cir.2001) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir.1989)). Here, this litigation is in its early stages, so denying intervention is not warranted on this factor.

The proposed intervenors seek to litigate claims similar to those asserted by plaintiff William Morehouse. Morehouse alleges that the July 1, 1996 changes to Ohio's parole laws, policies, regulations, standards, rules and guidelines as they have been applied to him violate his due process rights and the Ex Post Facto clause. Morehouse also challenges the application of the 1998 parole board guidelines in determining his parole eligibility. Here, Morehouse's allegations concerning changes to the laws governing parole are factually specific to his sentence and the parole board's consideration of his suitability for parole. The proposed intervenors have not submitted their proposed pleadings as required by Rule 24(c). *See* Fed. R. Civ. P. 24(c) ("The

2

motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."). However, given that each proposed intervenor would likely present a different factual scenario, permitting intervention would unnecessarily complicate this case and unduly delay the adjudication of Morehouse's claims.

The fourth and fifth factors–prejudice to the original parties due to the proposed intervenor's failure to apply promptly for intervention and the existence of unusual circumstances militating against or in favor of intervention–are simply not presented in this case.

Because I find that permitting the proposed intervenors to intervene in this action would unnecessarily complicate resolution of this case, the motions to intervene are DENIED. For the reasons stated, above, movants Betty Parish, Sharon Bluntschly, Cheryl Driskell-Canitina, Eileen Nelson, Pam Rankin, Amanda Lothery, Tanisha Nobles, Takarla Bennett, Tina Gibson, Jennifer Davidson, and Gloria Greenfield's May 25, 2010 request for leave of Court for petition to intervene as plaintiffs pursuant to Fed. R. Civ. P. 24(b) (doc. 9) and June 1, 2010 request leave to correct filing (doc. 11) are DENIED. Movant David G. Ward's June 11, 2010 motion to intervene (doc. 12) is DENIED. Movant Don Hall's June 22, 2010 motion to intervene (doc. 14) and June 23, 2010 motion for permissive intervention (doc. 15) are DENIED. Movant Sharon Bluntschly's July 1, 2010 motion to intervene (doc. 20) is DENIED. Movant Betty Parish's July 1, 2010 motion to intervene (doc. 21) is DENIED. Movant Gloria

3

Greenfield's July 2, 2010 motion to intervene (doc. 23) is DENIED. Movant Eileen Nelson's July 2, 2010 motion to intervene (doc. 24) is DENIED. Movant Tanisha Nobles July 8, 2010 motion to intervene (doc. 31) is DENIED. Movant Jennifer Davidson's July 9, 2010 motion to intervene (doc. 33) is DENIED. Movant Tina Gibson's July 19, 2010 motion to intervene (doc. 50) is DENIED. Movant Betty Parish's July 19, 2010 motion for permissive intervention (doc. 51) is DENIED. Movant Gloria Greenfield's July 19, 2010 motion for permissive intervention (doc. 52) is DENIED.  Movant Sharon Bluntschly's July 19, 2010 motion for permissive intervention (doc. 53) is DENIED. Movant Eileen Nelson's July 19, 2010 motion for permissive intervention (doc. 54) is DENIED. Movant Tanish Nobles' July 19, 2010 motion for permissive intervention (doc. 55) is DENIED. Movant Jennifer Davidson's July 21, 2010 motion for permissive intervention (doc. 57) is DENIED. Movant Pam Rankin's July 22, 2010 motion for permissive intervention (doc. 58) is DENIED. Movant Jennifer Davidson's July 23, 2010 motion for permissive intervention (doc. 60) is DENIED. Movant Cheryl Driskell-Canitia's August 9, 2010 motion to intervene (doc. 71) is DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District

Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

                                                <u>s/Mark R. Abel</u>
                                                United States Magistrate Judge